JOHN GLOVER & another *vs.* JOEL E. HOLBROOK

It is not a sufficient cause for a new trial that a ruling may have beeh erroneous as a general proposition, if it was upon a point which is clearly shown to have been wholly immaterial.

WRIT OF ENTRY by the assignees of William P. Hardwick, an insolvent debtor, to recover certain parcels of land in Quincy.

At the trial in the superior court, before *Ames*, J., it appeared that on the 10th of March 1860 the Mount Wollaston Bank attached in two suits against Hardwick the demanded premises, which were then owned by him ; that shortly afterwards he mortgaged the same to the tenant; and on the 21st of April 1860 filed his petition in insolvency. The attachments were ordered to survive ; the demandants appeared in the actions and

prosecuted the same to final judgment and execution; and the premises were duly set off to the demandants thereon. No objection was made to the regularity of any of these proceedings.

The demandants also contended that the mortgage to the tenant was fraudulent and void; and, in reference to this, it appeared that Hardwick was a manufacturer and trader in the boot and shoe business, and had no other business. The judge ruled that the demandants had made out a valid title to the premises under their levies of the executions; and that a general mortgage, by such a trader, of all or the greater part of his real estate, would be such a departure from the usual and ordinary course of his business as to be *prima facie* evidence that the tenant had reasonable cause to believe him insolvent, and that the mortgage was made with intent to delay or defraud his creditors.

The jury returned a verdict for the demandants, and the tenant alleged exceptions.

*A. French & B. E. Perry*, for the tenant.

*E. Avery*, for the demandants.

BY THE COURT. The ruling excepted to may be erroneous, as a general proposition, and in its application to cases differing materially from the present case; but in the present case it distinctly appears that the demandants established at the trial a good title prior to that under which the tenant claimed, so that all questions relating to the mortgage given to the latter were wholly immaterial, and the ruling could not have misled the jury. *Exceptions overruled.*